UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LORNE BARNES, | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 22-1068 |
| | ) |
| BRITTANY MILLER, et. al., | ) |
|    Defendants | ) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendants Nurse Brittany Miller, Lieutenant Baillez, Nurse Riley, Wexford Health Sources, and Officer Damon Sherrod violated his constitutional rights at Illinois River Correctional Center.

Plaintiff says throughout 2020, several correctional officers failed to follow COVID-19 protocols. For instance, Plaintiff says Defendant Sherrod was assigned to his housing unit, but the Lieutenant refused to consistently wear a mask or gloves. The Defendant would come within close proximity to Plaintiff when he handed out lunch

trays, but he continued to cough without wearing a mask.  When Plaintiff complained, the officer told him he would be fine.

On approximately December 7, 2020, Plaintiff began to experience sharp pains in his sides that increased until he was short of breath and weak.  Plaintiff collapsed on the floor, hitting his head, and losing consciousness.  When he came to, he asked his cellmate to hit the emergency call button.

Defendants Baillez and Riley responded and told Plaintiff to get off the floor. Plaintiff told them he was in "debilitating pain" and could not move. (Comp., p. 7). Plaintiff was told there were no beds available in the Healthcare Unit.  Plaintiff was again told to get up and advised if he refused, they would just give him a pillow.   The Defendants provided a pillow and left.

Plaintiff's symptoms continued to deteriorate including full body aches, a sore throat, coughing, shortness of breath, and intense pain in his sides.  Plaintiff again asked his cellmate to call for help about three hours after the first call.

Defendants Baillez and Riley responded with Nurse Charlotte and Officers Schoon and Byers. Defendants Baillez and Riley again ordered Plaintiff to get up, but he told them he could not.

Officers Schoon and Byers helped Plaintiff to his feet and down the stairs. However, he was then forced to walk up two additional flights of stairs without any assistance.  Eventually, Defendant Nurse Miller met with Plaintiff at around 1:30 in the afternoon.  Plaintiff described his symptoms and asked to go to the hospital.  However,

2

he claims Defendant Miller trivialized his condition by telling him he was fat, and he would be o.k.

Plaintiff apparently tested positive for COVID-19 that evening, but it is unclear if Plaintiff was informed at this point. Plaintiff continued to complain of pain on December 8, 2020 and claims he was no longer able to eat.

Finally, on December 9, 2020, a cell house porter assisted Plaintiff downstairs to a wheelchair where he was taken to meet with Defendant Nurse Miller. It was confirmed Plaintiff had the virus and he was taken by ambulance to the hospital.

Plaintiff says Graham Hospital staff diagnosed him with COVID pneumonia, chronic renal failure, and kidney failure.[1] A doctor and nurse informed Plaintiff his kidneys were functioning at only 5 percent and any further delays could have resulted in his death. Plaintiff remained in the hospital for 9 days and then returned to the Illinois River infirmary for two more days.

Plaintiff says he continued to struggle for weeks with trouble breathing and ultimately passing out several times. However, Plaintiff does not include any specific claims against any Defendants concerning his stay at Illinois River after he returned from the hospital.

Instead, Plaintiff clearly alleges Defendants Miller, Baillez, and Riley violated his Eighth Amendment rights when they were both deliberately indifferent and delayed care for his serious medical condition.

---

[1] Plaintiff says there was also a fourth diagnosis which he does not remember.

Plaintiff also alleges Defendant Sherrod violated his Eighth Amendment rights because he intentionally exposed Plaintiff to a risk of serious harm when he delivered food trays while coughing and not wearing a mask. Plaintiff says he believes this is ultimately how he caught COVID-19.

An inmate can state a claim based on a correctional officer's deliberate indifference to a serious threat to his health and safety include the threat of COVID. However, Plaintiff has failed to provide some important details. For instance, while Plaintiff says Defendant Sherrod coughed, he does not allege the officer ever had COVID. In addition, Plaintiff does not indicate when the Defendant was handing out food trays and coughing in relation to when Plaintiff tested positive for COVID. Therefore, Plaintiff has not provided enough detail to articulate a claim against this Defendant.

Finally, Plaintiff alleges Wexford violated his constitutional rights based on the inadequate healthcare provided by medical staff. However, to hold Wexford liable, Plaintiff must allege the constitutional violation was caused by: "(1) an express policy that caused a constitutional deprivation when enforced; (2) a widespread practice that was so permanent and well-settled that it constituted a custom or practice; or (3) a person with final policymaking authority." *Ridgeway v. Wexford Health Sources*, Inc., 2022 WL 124447, at *5 (S.D.Ill. Jan 13, 2022); *citing Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). While Plaintiff's complaint includes the words "custom and policy," his claims appear to be focused only on the specific actions of medical staff which is insufficient to state a *Monell* claim. *See Perez v. Fenoglio*, 792 F.3d 768, 780 (7th

Cir. 2015) ("In this circuit, a private corporation cannot be held liable under § 1983 unless it maintained an unconstitutional policy or custom."); *see also Hogle v. Baldwin*, 2017 WL 4125258, at *8 (C.D.Ill Sept 18., 2017)("Boilerplate allegations that repeat the elements of a *Monell* claim without any further factual content are dismissed for failure to state a claim."). Plaintiff must instead identify a concrete policy, practice, or custom.

Plaintiff may proceed with his Eighth Amendment claims against Defendants Miller, Baillez, and Riley, but all other claims are dismissed for failure to state a claim upon which relief can be granted. If Plaintiff believes he can address the deficiencies noted by the Court, he may file an amended complaint. The amended complaint must stand complete on its own, must include all claims against all defendants, and must not refer to any previous filing.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Miller, Baillez, and Riley violated his Eighth Amendment rights when they were both deliberately indifferent and delayed care for his serious medical condition from approximately December 7, 2020 through December 9, 2020. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give

Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of

those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel**.**

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Sherrod and Wexford for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Attempt service on Defendants pursuant to the standard procedures; 3) Set an internal**

**court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 11th day of May, 2022.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE
